Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Tel: 818-907-2133
Stuart@pricelawgroup.com
Attorney for Plaintiff,
Rhonery Mangahas

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONERY MANGAHAS,<br><br>    Plaintiff,<br><br>    vs.<br><br>BARCLAYS BANK DELAWARE,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Rhonery Mangahas ("Plaintiff"), through her attorneys, alleges the following against Defendant, Barclays Bank Delaware. ("Defendant").

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of the court arises under 15 U.S.C. § 1692k(d) and 47 U.S.C. § 227.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

5. Plaintiff is a natural person residing in Buena Park, Orange County, California.

6. Plaintiff is a consumer as defined by *Cal. Civ. Code § 1788.2(h)*.

7. Defendant is a Banking institution engaged in the business of issuing credit cards with its principal place of business located in Wilmington Delaware and regularly transacts business throughout the United States and California. Defendant may be served with process through the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington Delaware, 19801.

8. Defendant engages in the practice of debt collection. Therefore is a debt collector as that term is defined by Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

//

## FACTUAL ALLEGATIONS

9. Defendant is attempting to collect a debt from Plaintiff.

10. On or about August 26, 2015, Defendant began placing calls to Plaintiff's cellular phone number 562-900-9841, in an attempt to collect an alleged debt.

11. The calls came from (866) 740-4298, (866) 408-4070 and (866) 456-0677; upon information and belief these numbers are owned or operated by Defendant.

12. On or around September 10, 2015, at approximately 6:36 p.m., Plaintiff answered a collection call from Defendant from telephone number (866) 408-4070; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

13. Defendant informed Plaintiff that it was attempting to collect a debt.

14. Plaintiff instructed Defendant not to contact her any further.

15. Between September 10, 2015 and September 18, 2015, Defendant proceeded to call Plaintiff on her cellular phone approximately 17 times from telephone number (866) 408-4070.

16. On or about September 18, 2015, at approximately 1:10 p.m., Plaintiff answered a second call from Defendant on her cellular phone. The call came from Defendant from phone number (866) 408-4070; Plaintiff heard a pause before the collection agent, Andrew, began to speak, indicating the use of an automated telephone dialing system.

17. Plaintiff once again instructed Defendant not contact her any further.

18. Between September 18, 2015 and November 5, 2015 there were approximately 108 additional calls made to Plaintiffs cell phone by Defendant.

19. Defendant routinely contacted Plaintiff numerous times throughout the day even after she revoked consent to be called on her cellular phone.

20. As an example, Defendant contacted Plaintiff five (5) times on September 21, 2015; at 8:29 a.m., 9:57 a.m., 2:19 p.m., 3:52 p.m. and 3:53 p.m.

21. Upon information and belief, approximately 177 calls were made by the Defendant to the Plaintiffs cellular phone.

22. Upon information and belief, approximately 161 calls were made by the Defendant to the Plaintiffs cellular phone after Plaintiff had initially requested not to be contacted.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

23. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

24. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a)   Prior to the filing of the action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of the action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

25. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)**

26. Plaintiff incorporates herein by reference all of the above paragraphs of the complaint as though fully set forth herein at length.

Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b) Defendant violated Cal. Civ. Code § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(c) Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions

of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    (i)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    (ii)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

    (iii)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

27. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.
28. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduce violated the RFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff, Rhonery Mangahas, respectfully requests judgment be entered against Defendant, Barclays Bank Delaware, for the following:

    A. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

    B. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

    C. Any other relief that the Honorable Court deems appropriate.

//
//

RESPECTFULLY SUBMITTED,

Dated: January 21, 2016                By:*/s/ Stuart Price*
                                Stuart Price, Esq.
                                15760 Ventura Boulevard, Suite 1100
                                Encino, CA 91436
                                Tel: 818-907-2133
                                Stuart@pricelawgroup.com
                                Attorney for Plaintiff,
                                Rhonery Mangahas

COMMPLAINT AND DEMAND FOR JURY TRIAL
- 7 -